UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:16-CV-52-GCM

| BELINDA CLARK, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.     Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. Plaintiff's request for review was granted and upon review, the Appeals Council remanded the case for the ALJ to consider further the effects of Plaintiff's mental impairments. After conducting a second hearing, the ALJ again issued a decision finding the Plaintiff was not disabled, from which Plaintiff appealed again to the Appeals Council. Plaintiff's request for review

1

was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action.

## II.     Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.    Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan*, *supra*.

## IV.     Substantial Evidence

### A.     Introduction

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented

with the same testimony and evidentiary materials, but whether the decision of the ALJ is supported by substantial evidence. The undersigned finds that it is regarding Plaintiff's assignments of error one through three, but requires remand with respect to the fourth assignment of error.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process.

### C. The Administrative Decision

In rendering his decision, the ALJ applied the five-step sequential evaluation process set forth in the regulations for evaluating disability claims. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, the ALJ found that Ms. Clark had not engaged in substantial gainful activity since December 31, 2007, the alleged onset date of her disability. (Tr. 17). At step two, the ALJ found that Ms. Clark had the following severe impairments: obesity, degenerative disc disease of the lumbar spine with lumbar radiculopathy, anxiety, and depression (20 CFR 404.1520(c) and 416.920(c)). (Tr. 18). At step three, the ALJ found that Ms. Clark did not have an impairment or combination of impairments that met or medically equaled a listing. (Tr. 19).

Before proceeding to step four, the ALJ determined that Ms. Clark had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: "she requires a cane for ambulation; she requires the option to change position from sitting to standing on an occasional basis; she cannot climb ladders, ropes, and/or scaffolds; she can occasionally climb ramps and stairs; she can frequently balance, stoop, kneel, crouch, and crawl; she is limited to simple, routine, repetitive tasks involving only one, two, and three step instructions; and she can have only occasional interaction with others." (Tr. 21).

At step four, the ALJ found that Ms. Clark could no longer perform her past relevant work. (Tr. 31). At step five, the ALJ found that, based on Ms. Clark's age, education, work experience, and residual function capacity, as well as testimony from a vocational expert (VE), Ms. Clark could perform jobs existing in significant numbers in the national economy, including marker, an inspector hand packager, and a final inspector. (Tr. 31-32). As a result, the ALJ found that Ms. Clark was not disabled under the Act. (Tr. 32)

D.   **Discussion**

1.   **Plaintiff's Assignments of Error**

Plaintiff has made the following assignments of error: whether the ALJ erred in failing to evaluate whether Ms. Clark's back condition met a Listing; whether the ALJ erred by failing to properly consider whether the testimony by the VE was inconsistent with the Dictionary of Occupational Titles (DOT); whether the ALJ erred in failing to properly consider and evaluate the opinion evidence; and whether the ALJ erred in formulating the limitation that accounts for Ms. Clark's impairments in concentration, persistence, or pace, therefore requiring remand under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). The Plaintiff's assignments of error will be discussed *in seriatim*.

2.   **First Assignment of Error**

In his analysis at step three the ALJ determined that none of Ms. Clark's severe impairments meet or equal a listing, which was consistent with the findings of the state agency consultants. (Tr 19). Ms. Clark argues that the ALJ erred in failing to evaluate whether Ms. Clark's back condition met listing 1.04 opinion indicates that he failed to evaluate whether her severe back condition, degenerative disc disease, met or equaled a listing. The ALJ is required to "apply the requirements of the listing to the medical record" so that his opinion does not appear "devoid of reasoning" upon review. *Fox v. Colvin*, 632 Fed. Appx. 750, 754 (4th Cir. 2015) (citing *Radford v. Colvin*, 734 F.3d 288, 291-92 (4th Cir. 2013). However, the ALJ's duty to identify relevant listed impairments and compare them to Plaintiff's symptoms is triggered only if there is "factual support in the record that the impairment meets such listing." *Brown v. Colvin*, No: 3:14-cv-00572-MOC, 2015 WL 5098420 at *5 (W.D.N.C., Aug. 31, 2015); *Cook v. Heckler*, 783 F.2d 1168, 1172

(4th Cir. 1986). Furthermore, "because identification of a specific listing [in the ALJ's opinion] indicates that there is ample evidence that the claimant might meet the listing," absence of such a reference further suggests that matching evidence to listing criteria is not required. *Kosisky v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-2403, 2016 WL 2588164, at *5 (D. Md. May 4, 2016).

While admitting that her back condition does not *meet* the criteria under listing 1.04, Ms. Clark argues that the record does provide enough evidence that her condition *equals* the listing criteria and therefore the ALJ is obligated to conduct a comparative analysis. To equal a listing, a claimant must present medical findings that equal in severity all of the criteria of the listing that she is seeking to satisfy. *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990). Ms. Clark has not satisfied that standard.

Listing 1.04, relating to "Disorders of the Spine, provides that a person is presumptively disabled if the following conditions are demonstrated:

> Disorders of the spine …, **resulting in compromise of a nerve root** (including the cauda equina) or the spinal cord. With:
>
> A. **Evidence of nerve root compression** characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, **positive straight-leg raising test (sitting and supine);** . . .
>
> Or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and **resulting in inability to ambulate effectively**, as defined in 1.00B2b.

Dr. Felicia Cain opined that Ms. Clark's March 3, 2014 MRI showed "compromise of a nerve root," which could be satisfied by Dr. Felicia Cain's opinion of Ms. Clark's March 3, 2014 MRI

stating as much. (Tr. 1092-3). However, Ms. Clark's medical records show no evidence of nerve root *compression*. Moreover, Claimant has not demonstrated that the positive straight leg tests on the record were performed in both the sitting and supine positions, as required. (Tr. 1018, 1022, 1518, 1607). Instead, Claimant argues that her symptoms of pain, motor loss, limitation of motion, and sitting positive straight-leg tests are sufficient to compensate for lack of evidence and supporting medical opinion that she has experienced nerve root compression. Ms. Clark fails to present evidence that her symptoms meet the severity of *all* the listing criteria under paragraph A and "an impairment that manifests only some of the listed criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. at 530 (emphasis in original).

Ms. Clark also argues that her symptoms equal the listing criteria under paragraph C given that "the only result described in that portion of the listing is the inability to ambulate effectively" and she requires a cane to walk. 20 C.F.R § 404, Subpart P, Annex 1, 1.04(c). However, paragraph C first requires Claimant to demonstrate that she has "lumbar spinal stenosis *resulting* in pseudoclaudication." *Id.* Ms. Clark's argument that any spinal condition resulting in the inability to ambulate effectively must equal the listing, despite its explicit requirement of a very specific spinal condition, is unpersuasive. If the inability to ambulate effectively, regardless of cause, was an impairment intended to presumptively qualify as a disability, then it would be listed independently under 1.04, but it is not.

Although there is evidence on the record suggesting that Ms. Clark has a compromised nerve root, there is no evidence suggesting that her symptoms meet all the subsequent requirements under paragraphs A and C. Therefore, the Claimant's first assignment of error is without merit.

### 3.     Second Assignment of Error

S.S.R 00-4p requires the ALJ to ask the VE whether his or her testimony is consistent with the DOT and if the VE's testimony has an apparent conflict with the DOT, the ALJ must obtain a reasonable explanation. S.S.R. 00-4p at *4. Given the Claimant's restrictions, the VE testified that she could perform the jobs of "marker," "inspector hand packager," and "final inspector." (Tr. 75-76). Ms. Clark argues that the VE's testimony conflicts with the DOT regarding the "marker" and "inspector hand packager" jobs. However, the Claimant does not raise any objections to the occupation of final inspector. The VE testified that there are over 21,000 of these jobs in the national economy and 300 such jobs in North Carolina. (Tr. 76). Thus, this job by itself exists in sufficient numbers to satisfy the Commissioner's burden at step five. *See Hicks v. Califano*, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979) (as few as 110 jobs represents a significant number); *see also Hodges v. Apfel*, 2000 WL 121251 (4th Cir. Jan. 28, 2000); *Hall v. Astrue*, 2012 WL 3732815, *8 (E.D.N.C. July 6, 2012) ("Therefore, even if plaintiff were deemed to have the limitation… he claims, there would be a sufficient number of positions… to satisfy the requirement at step five of the sequential analysis that there exist jobs in significant number in the national economy that plaintiff is capable of performing."). Consequently, the Court need not reach the merits of Ms. Clark's claim as any discrepancy between the VE's testimony and the DOT regarding the jobs of "marker" and "inspector hand packager" would be harmless error and Claimant's second assignment of error is without merit.

### 4. Third Assignment of Error

The third assignment of error alleged by Ms. Clark is that the ALJ did not properly consider and evaluate the opinion evidence. In this section, Claimant proceeds to attack almost every evaluation the ALJ made of the medical opinion evidence. Many of these criticisms fall outside of

this Court's inquiry as to whether the Commissioner applied the correct legal standard and the decision is supported by substantial evidence. This is not a de novo review.

However, the criticism of the ALJ's opinion that it did not include the weight given to each medical opinion in the record merits further discussion. The ALJ must evaluate every medical opinion received and must consider all the all the factors under 20 C.F.R. § 404.1527(c) for each opinion when the treating physician's opinion is not given controlling weight. The treating physician's medical opinion was not given controlling weight. However, the following medical opinions were not evaluated and weighted in the ALJ's decision: Dr. Allen Edwards, Dr. Donald Brown, Dr. Davis Mendelsohn, Dr. Russell Gilchrist, Dr. Aregai Girmay, and Dr. Jonathan Mayhew.

However, in highlighting these omissions, Claimant failed to persuade the Court that the Commissioner's decision was not supported by substantial evidence because there the Claimant failed to identify information that would have changed the ALJ's RFC and subsequent hypotheticals posed to the VE. The limitations the Claimant points to were considered by the ALJ, so ultimately the error is harmless.

### 5. Fourth Assignment of Error

Finally, Ms. Clark argues that the ALJ failed to account for Ms. Clark's moderate difficulties with regard to concentration, persistence, or pace. The Fourth Circuit has held that where a Claimant has moderate difficulties with concentration, persistence, or pace it is insufficient to address that impairment with a limitation of "simple, routine, or unskilled work." *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). The *Mascio* court rejected this limitation, distinguishing the

ability to perform simple tasks from the ability to stay on task, and emphasized it is the latter that accounts for a limitation in concentration, persistence, or pace. *Id.*, at 638.

In limiting Ms. Clark only to "simple, routine, repetitive tasks involving only one, two, and three step instructions" (Tr. 20-21, 75), the ALJ did not adequately account for the Claimant's difficulties with concentration, persistence, or pace. *See Mascio*, 780 F.3d 632. This failure, alone, frustrates meaningful review and is sufficient cause for remand.

### E. Conclusion

**FOR THE FOREGOING REASOINS, IT IS ORDERED** that

(1) the Plaintiff's Motion for Summary Judgment is **DENIED**;

(2) the Commissioner's Motion for Summary Judgment is **DENIED**; and

(3) the Commissioner's determination is **VACATED** and this matter is **REMANDED** for a new hearing and further consideration.

Signed: August 25, 2017

Graham C. Mullen
United States District Judge